IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELODEE H. and JON H., on behalf of their son Kelii H., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | CIVIL NO. 06-00030 HG-LEK |

**ORDER VACATING HEARINGS OFFICER'S SEPTEMBER 19, 2005 DECISION
AND
REVERSING HEARINGS OFFICER'S DECEMBER 14, 2005 DECISION
AND
REMANDING CASE TO OFFICE OF ADMINISTRATIVE HEARINGS, DEPARTMENT
OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAII FOR COMPLIANCE
WITH COURT'S AUGUST 18, 2005 ORDER**

This case involves a twelve year old special education student, Kelii H., diagnosed as mentally retarded with velocardiofacial syndrome. Plaintiffs are the parents of the student and are entitled to benefits under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").

### BACKGROUND AND PROCEDURAL HISTORY

This Order follows the Court's August 18, 2005 "Order

1

Reversing in Part and Affirming in Part the March 21, 2005 Decision of the Hearings Officer" in Civil Case No. 05-00279 (Doc. 19, "August 18, 2005 Order".)  The August 18, 2005 Order considered the Plaintiffs' timely appeal of a Hearings Officer's March 21, 2005 Decision.  The March 21, 2005 Decision addressed the preclusive effect of a Hearings Officer's September 3, 2004 Decision.

The August 18, 2005 Order sets forth the relevant background and procedural history through the date of the Court's Order. <u>See</u> <u>also</u> <u>Melodee H., et al. v. DOE</u>, 2006 WL 1381876 (D. Haw. May 17, 2006)(denying, without prejudice, Plaintiff's Motion Regarding Entitlement to Fees as prevailing party).

In the August 18, 2005 Order, the Court held:

> Plaintiffs are precluded from litigating the appropriateness of the services offered in the June 18, 2004 IEP [Individualized Education Plan] as they were found appropriate in the Young September 3, 2004 Decision and that decision was not appealed.  Plaintiffs are not precluded, and may proceed with an impartial administrative hearing, on the issue of whether the location the Department offered for Kelii's education for the 2004-2005 school year provided a FAPE [Free Appropriate Public Education].

(August 18, 2005 Order at 8.)

The Court order clarified the claim and issue preclusion matters raised by the Department of Education and ruled on by the Administrative Hearings Officer in the March 21, 2005 Decision. The August 18, 2005 Order also required examination of the follow

up on the location of the program to be offered that Hearings Officer Young's excellent September 3, 2004 Decision required.

The Court reversed in part and affirmed in part the "March 21, 2005 Decision of the Hearings Officer Granting Preclusive Effect to the September 3, 2004 Decision", and further ordered that:

> [1.] Plaintiffs may proceed with their request for an impartial hearing before the Office of Administrative Hearings, Department of Commerce and Consumer Affairs, State of Hawaii.
>
> [2.] The impartial hearing is limited to a single issue: did the location offered by the Department of Education for the 2004-2005 school year deny Kelii a FAPE?
>
> [3.] Plaintiffs are precluded from challenging the services offered in the June 18, 2004 IEP at the impartial hearing.

(August 18, 2005 Order at 11.)

On August 26, 2005, Plaintiffs' counsel informed the Office of Administrative Hearings that this Court had reversed in part and affirmed in part the Hearings Officer's March 21, 2005 Decision and requested that the matter be rescheduled for hearing.

On September 19, 2005 (in DOE-2004-160), Hearings Officer Haunani H. Alm acknowledged that this Court's August 18, 2005 Order allowed Plaintiffs to "proceed in an administrative hearing with regard to the issue of student's placement during the 2004-2005 school year", but dismissed the case for lack of subject

3

matter jurisdiction on the grounds that the time period for deciding the case had expired pursuant to 34 C.F.R. § 300.511(a) and H.A.R. § 8-56-77(a).

Both 34 C.F.R. § 300.511(a) (Timeliness and convenience of hearings and reviews) and H.A.R. § 8-56-77(a) (Timeliness and convenience of hearings) require the Hearings Officer to issue a final decision within forty-five (45) days of a request for hearing.  Either party may request an extension of the 45-day period.

Hearings Officer Alm considered the fact that Plaintiffs made the initial due process hearing request on November 12, 2004 and the 45-day period required by 34 C.F.R. § 300.511(a) and H.A.R. § 8-56-77(a) had been extended from December 27, 2004 various times up to May 16, 2005.  Hearings Officer Alm noted that neither party had requested to extend the 45-day time period beyond May 16, 2005.

Plaintiffs had, however, timely appealed the March 21, 2005 Decision to this Court and the appeal was pending when the May 16, 2005 time period expired.

The Plaintiffs did not appeal the Hearings Officer's September 19, 2005 Decision.  Instead, on September 20, 2005, Plaintiffs filed another Request for Impartial Due Process Hearing on Kelii's behalf (DOE-SY0506-044).  That request again asked the Hearings Officer to address the issue on remand as set

forth in this Court's August 18, 2005 Order.

This Court did not enter final judgment as to its August 18, 2005 Order in Civil Case No. 05-00279 until November 10, 2005.

On December 14, 2005, Hearings Officer Richard A. Young, Esq. entered an Order Granting Respondent Department of Education's Motion for Partial Summary Judgment.  The December 14, 2005 Decision, relying on the Hearings Officer's September 19, 2005 Decision, again dismissed the issue on remand as set forth in this Court's August 18, 2005 Order.  Hearings Officer Young held that Plaintiffs were "precluded from re-litigating the appropriateness of the educational program offered to Kelii for the 2004-2005 school year."

Mr. Young denied Plaintiffs' motion to reconsider the December 14, 2005 Decision on January 3, 2006.

On January 17, 2006, Plaintiffs instituted the present appeal from the Hearings Officer's Decisions to set aside the September 19, 2005 Decision and the December 14, 2005 Decision.

On June 16, 2006, Plaintiffs filed an opening brief.  (Doc. 9.)

On July 17, 2006, Defendant filed a brief in response to Plaintiffs' opening brief. (Doc. 10.)

On August 1, 2006, Plaintiffs filed a reply. (Doc. 11.)

On September 18, 2006, this matter came on for hearing.

**ANALYSIS**

The Court reverses the Hearings Officer's September 19, 2005 Decision. The Hearings Officer did not have jurisdiction when entering the September 19, 2005 Decision because the Court had not yet entered judgment on the August 18, 2005 remand order.

In addition, aside from whether the Hearings Officer had jurisdiction on September 19, 2005, and regardless of the fact that Plaintiffs did not appeal that decision, the Hearings Officer failed to follow this Court's August 18, 2005 Order. It is axiomatic that a court has the inherent power to enforce compliance with its own orders. See United States v. Yacoubian, 24 F.3d 1, 5 (9th Cir. 1994) ("There [is] no question that courts have inherent power to enforce compliance with their lawful orders...."); see also Sierra Club v. Ruckelshaus, 602 F. Supp. 892, 904 (N.D. Cal. 1984) (finding Defendant Environmental Protection Agency in contempt for failure to comply with court's order to issue final emission standards).

The Hearings Officer dismissed the case despite acknowledging that the Court's August 18, 2005 Order allowed Plaintiffs to "proceed in an administrative hearing with regard to the issue of student's placement during the 2004-2005 school year". It having been brought to this Court's attention that the Hearings Officer ignored this Court's clear directive, the Court directs the Hearings Officer to comply with its August 18, 2005

Order.

Moreover, in ignoring this Court's directive, the Hearings Officer based her dismissal on the incorrect application of the 45-day time period set forth in 34 C.F.R. § 300.511(a) and H.A.R. § 8-56-77(a). Both 34 C.F.R. § 300.511(a) and H.A.R. § 8-56-77(a) establish a 45-day time period within which the Hearings Officer is required to issue a final decision on a request for hearing. Application of the 45-day time period makes no sense in this context. There is no dispute that Plaintiffs properly appealed the Hearings Officer's March 21, 2005 Decision and that this Court had jurisdiction to enter the August 18, 2005 Order. There was no reason for either party to extend the 45-day time period for the Hearings Officer to issue a final decision when a final decision in the case (the March 21, 2005 Decision) was on appeal to this Court. The plain language of the regulations makes clear that their purpose is to ensure an expeditious resolution of the issues raised in the petitioner's request for hearing. Application of the 45 day time period to prevent compliance with the district court's order upon remand runs directly contrary to the regulations' overall goal of *resolving the issues* raised by the petitioner.[1]

---

[1] Although the Court is without the full administrative record, from Plaintiffs' opening brief, it appears that this issue, as far as the scheduling of the hearing was concerned, may have been resolved. (See Plaintiffs' Opening Brief at 7 n.1 ("This possible problem was cured *nunc pro tunc* with an order

The Hearings Officer's December 14, 2005 Decision is likewise reversed.  In holding that the Plaintiffs were precluded from re-litigating the appropriateness of the educational program offered to Kelii for the 2004-2005 school year, the Hearings Officer relied upon the incorrect holding of the September 19, 2005 Order which the Court reverses for the reasons discussed above.

### CONCLUSION

For the foregoing reasons,

(1)  the Hearings Officer's Order of Dismissal, dated September 19, 2005, in DOE-2004-160 is **VACATED**;

(2)  the Hearings Officer's Order Granting Respondent Department of Education's Motion for Partial Summary Judgment, dated December 14, 2005, in DOE-SY0506-044 is **REVERSED**;

(1)  this case is **REMANDED** to the Office of Administrative Hearings, Department of Commerce and Consumer Affairs, State of Hawaii;

(2)  the Hearings Officer is **DIRECTED** to comply with the Court's August 18, 2005 Order and hear the following issue:  Did the location offered by the Department of Education for the 2004-2005 school year deny Kelii a

---

from Mr. Young extending the timetable.")

```
     FAPE?

  IT IS SO ORDERED.

  DATED:  Honolulu, Hawaii, October 11, 2006.
```



   **/s/ Helen Gillmor**
Chief United States District Judge

_____
Melodee H. et al. v. Department of Education, State of Hawaii; Civil No. 06-00030 HG-LEK; **ORDER VACATING HEARINGS OFFICER'S SEPTEMBER 19, 2005 DECISION AND REVERSING HEARINGS OFFICER'S DECEMBER 14, 2005 DECISION AND REMANDING CASE TO OFFICE OF ADMINISTRATIVE HEARINGS, DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAII FOR COMPLIANCE WITH COURT'S AUGUST 18, 2005 ORDER**